UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BENSON & BINGHAM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:09-CV-02220-LRH-RJJ |
| v. | ) |
| | ) |
| IRASEMA VENTURA; UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; NEW CENTURY REHABILITATION, LLC dba MATT SMITH PHYSICAL THERAPY; AMERICAN MEDICAL RESPONSE, INC.; UNIVERSAL MOBILITY EQUIPMENT, LLC; VIREN B. PATEL, D.O., A PROFESSIONAL CORPORATION; PROSTHETIC CENTER OF EXCELLENCE, A NEVADA CORPORATION; ZOTEC PARTNERS, LLC; DESERT RADIOLOGISTS, INC.; BLACK MOUNTAIN ORTHOPAEDIC ASSOCIATES, LLP; H. SEWANI, MD, INC.; ATLANTIC ANESTHESIA CONSULTANTS; APEX MEDICAL CENTER; HANGER PROSTHETICS & ORTHOTICS, INC.; AMIR AFTAB, MD; UNIVERSITY OF NEVADA SCHOOL OF MEDICINE MULTISPECIALTY GROUP PRACTICE SOUTH, INC.; JOHN T. GOODSELL, D.O., PROFESSIONAL CORPORATION, GREGORY LINDERER M.D., LTD. dba ANESTHESIA ASSOCIATES; CULINARY HEALTH FUND ADMINISTRATIVE SERVICES, LLC; ANDREW M. CASH, M.D., PC; CHW NEVADA IMAGING COMPANY, LLC dba NEVADA IMAGING CENTERS; CATHOLIC HEALTHCARE WEST, dba ST. ROSE DOMINICAN HOSPITAL AND ST. ROSE DOMINICAN HOME HEALTH SERVICES, | ) ORDER ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |
| _____ | ) |

1  Before the court is Plaintiff Benson & Bingham, LLC's ("Plaintiff") Motion for Entry of
2  Default Judgment against Defendants University Medical Center of Southern Nevada; New
3  Century Rehabilitation, LLC dba Matt Smith Physical Therapy; American Medical Response, Inc.;
4  Universal Mobility Equipment, LLC; Zotec Partners, LLC; Desert Radiologists, Inc.; Black
5  Mountain Orthopaedic Associates, LLP; H. Sewani, MD, Inc.; Apex Medical Center; Hanger
6  Prosthetics & Orthotics, Inc.; Amir Aftab, MD; University of Nevada School of Medicine
7  Multispecialty Group Practice South, Inc.; Andrew M. Cash, M.D., PC; CHW Nevada Imaging
8  Company, LLC dba Nevada Imaging Centers; Catholic Healthcare West, dba St. Rose Dominican
9  Hospital and St. Rose Dominican Home Health Services (collectively "Defendants") (#31).

**I.  Facts and Procedural History**

On October 20, 2009, Plaintiff, a law firm, initiated an interpleader action pertaining to its attorney's lien on funds obtained by defendant Irasema Ventura ("Ventura") for an insurance claim in an underlying motor vehicle accident. Between February 5, 2010, and March 18, 2010, the clerk entered default against Defendants for failure to respond to the complaint (## 11, 24, 30). Plaintiff now seeks an entry of default judgment (#31).

**II.  Discussion**

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a

2

matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.* (citations omitted).

The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. The court will consider these factors below.

**A. Prejudice**

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff served Defendants more than six months ago, and Defendants have failed to respond to the complaint. Defendants' refusal to appear in this action prejudices Plaintiff's ability to enforce and recover its attorney's lien against defendant Ventura. Thus, this *Eitel* factor weighs in favor of entering default judgment.

**B. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors favor default judgment where the complaint sufficiently states a claim for relief under the "liberal pleading standards embodied in Rule 8"of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8; *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978). Here, Plaintiff sufficiently alleges that it has an attorney's lien on the funds obtained in a settlement between Ventura and the non-party tortfeasor's insurance company in an underlying auto-accident, which is greater in right than any other defendant's claims. (Compl. ¶ 30.) Therefore, because the allegations in the complaint and the evidence Plaintiff has submitted

indicate a strong likelihood that Plaintiff will be successful on the merits, the second and third *Eitel* factors favor entering default judgment.

### C. Sum of Money

Under the fourth *Eitel* factor, the court considers "the amount of money at stake in relation to . . . [the] Defendants' conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. The amount at issue here is $30,000. (Def. Hotel Employees and Rest. Employees Int'l Union Welfare Fund's Notice of Removal ¶ 3.) Because Defendants, by not responding to the complaint, have not expressed an interest in the settlement funds, this factor favors entry of default judgment.

### D. Possible Dispute

The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case. *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177. Here, given the sufficiency of the complaint, "no genuine dispute of material facts would prejudice granting [Plaintiff's] motion." *See id.*

### E. Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. The evidence shows that Plaintiff properly served Defendants with the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure (##11, 24, 30). *See* Fed. R. Civ. P. 4. Therefore, the court finds that Defendants' failure to respond and express an interest in the underlying settlement did not result from excusable neglect.

### F. Decision on the Merits

The seventh *Eitel* factor identifies that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the "mere existence of [Rule 55(b)] indicates that this 'preference, standing alone, is not dispositive.'" *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (citation omitted). Moreover, Defendants' failure to answer Plaintiff's complaint makes a decision on the merits impractical, if not impossible. Thus, the court is not precluded from entering default judgment against Defendants.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (#31) is hereby GRANTED. The Clerk of the Court shall enter judgment against University Medical Center of Southern Nevada; New Century Rehabilitation, LLC dba Matt Smith Physical Therapy; American Medical Response, Inc.; Universal Mobility Equipment, LLC; Zotec Partners, LLC; Desert Radiologists, Inc.; Black Mountain Orthopaedic Associates, LLP; H. Sewani, MD, Inc.; Apex Medical Center; Hanger Prosthetics & Orthotics, Inc.; Amir Aftab, MD; University of Nevada School of Medicine Multispecialty Group Practice South, Inc.; Andrew M. Cash, M.D., PC; CHW Nevada Imaging Company, LLC dba Nevada Imaging Centers; Catholic Healthcare West, dba St. Rose Dominican Hospital and St. Rose Dominican Home Health Services, thereby relinquishing any right to any interpleaded funds in this action and absolving Plaintiff from any claim or liability arising out of any interpleaded funds.

IT IS SO ORDERED.

DATED this 1st day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE